UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13-CR-143 CDP NAB ) |
| DENVER CARROLL, | ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The defendant, Denver Carroll, was charged in one count of an 84 count indictment along with 20 other individuals [Doc. #2]. Carroll filed a Motion of Defendant for Severance [Doc. #269]. The United States of America ("the Government") filed a Response in Opposition to Defendant's Motion to Sever [Doc. #368].

The undersigned set a hearing on this matter for October 29, 2013. Defendant appeared with his counsel Edward Fehlig at the hearing, Assistant United States Attorney John Ware appeared on behalf of the government. Neither party presented evidence or argument, stating that they were resting on their briefs. After a review of the parties' briefs and the relevant law, the undersigned recommends that Defendant's motion be denied.

**FACTUAL BACKGROUND**

Carroll is charged in a multi-count, multi-defendant indictment alleging an organized theft and resale of vehicles. The indictment charges the defendants with stealing and reselling more than 100 vehicles. Carroll is charged with one other defendant in Count 82 of the

indictment with receiving, possessing, selling and disposing of a stolen vehicle which had crossed a state boundary in violation of Title 18 United States Code Sections 2313 and 2.

## DISCUSSION

Carroll contends that he is entitled to severance pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure because the evidence against him is *de minimis* when compared to the evidence against the other members of the conspiracy. Carroll is not named in the conspiracy and he argues that he would be subject to irrelevant, voluminous and prejudicial evidence if he is tried along with the other co-defendants. The Government contends that Carroll cannot show that he would be prejudiced by a joint trial and even if he were prejudiced, appropriate jury instructions could adequately cure any prejudice.

Under Rule 8(b) of the Federal Rules of Criminal Procedure, defendants may be joined if "they are alleged to have participated in the same act or transaction , or in the same series of acts or transactions constituting an offense or offenses." Importantly, not every defendant joined must have participated in every offense charged. *United States v. Jones*, 880 F.2d 55, 62-63 (8th Cir. 1989). Rule 14(a) provides a mechanism for relief from prejudicial joinder. It states, "If the joinder of offenses or defendants in an indictment…appears to prejudice a defendant or the government, the court may…sever the defendants' trials…"

Carroll does not argue that joinder under Rule 8(b) is improper. Instead, he claims that severance is warranted pursuant to Rule 14(a). Once it is determined that defendants are properly joined under Rule 8(b), "[t]he presumption against severing properly joined cases is strong." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). Even if joinder of two or more defendants is proper under Rule 8(b), the court may sever the defendants' trials under Rule 14(a) if joinder of the defendants appears to prejudice a defendant or the government. *United States v.*

2

*Davis*, 534 F.3d 903, 916 (8th Cir. 2008). The fact that a defendant is alleged to have played a small role in the overall scheme or conspiracy is not dispositive of whether severance should be granted. *United States v. Anthony*, 565 F.2d 533, 538 (8th Cir. 1977).

A defendant who seeks severance under Rule 14 must show "real prejudice." *Davis*, 534 F.3d at 916. "Real prejudice" consists in showing that (1) the moving defendant's defense "is irreconcilable with that of his co-defendant" or (2) "the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *Id*. at 916–917 (quoting *United States v.. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004)).

In this case, the indictment alleges that members of the conspiracy used several different schemes to steal vehicles and then resell the stolen vehicles. Carroll is charged with receiving a vehicle that was stolen in May 2011 as part of the conspiracy. The indictment alleges that in May 2012, Carroll was in possession of the vehicle and that the stolen vehicle displayed the Vehicle Identification Number from a vehicle that Carroll had previously purchased and owned. Carroll is not named as a co-conspirator. Carroll relies on *United States v. Baker*, 98 F.3d 330 (8th Cir. 1996) for the proposition that because he is not named in the conspiracy, he would be prejudiced by being tried along with other co-defendants and conspirators.

In *Baker*, the defendants were charged with knowingly possessing the toxin, ricin for use as a weapon. After a jury convicted both defendants, the Eighth Circuit reversed defendant Baker's conviction. The court stated that this was the "rare case in which severance should have been granted." *Id.* at 335. It found that evidence that would not have been admissible against Baker had he been tried alone, was admitted against his co-defendant Wheeler. *Id*. Baker was not charged in the conspiracy and the court held that "the risk of substantial prejudice from the

spillover effect of the conspiracy evidence and the documents was too high to be cured by less drastic measures, such as the limiting instructions given by the district court." *Id.*

Like Baker, Carroll is not charged in the conspiracy. However, that is where the similarity ends. Unlike the situation in *Baker,* in this case, much of the evidence against the co-defendants would also be admissible against Carroll. The allegations of auto theft, various forms of fraud, as well as receipt of stolen property involve a common list of stolen vehicles. Each of those vehicles was acquired through the alleged schemes. Carroll is charged with receiving and possessing a vehicle that was stolen by one of the methods described in the conspiracy. Therefore, evidence of the conspiracy would likely be admissible to prove the charges against Carroll.

As a result, Carroll, cannot show real prejudice. He has not established that his defense is irreconcilable with that of his co-defendants nor has he shown that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. *See Davis*, 534 F.3d at 916. Moreover, if the jury hears evidence that is not admissible against Carroll, any resulting prejudice can be cured by a limiting instruction. The Supreme Court has stated that "when the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but… less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. *Zafiro v. United States,* 506 U.S. 534, 539 (1993); *see also United States v. Warfield,* 97 F.3d 1014, 1019 (8th Cir.1996) (finding no prejudice under Rule 14 where court instructed jury to view the evidence presented against one of the defendants as only applicable to that defendant). Carroll has not established that a joint trial will be unduly prejudicial. Therefore, the undersigned recommends that severance pursuant to Rule 14(a) be denied.

# CONCLUSION

Accordingly,

**IT IS HEREBY RECOMMENDED** that Carroll's Motion of Defendant for Severance [Doc. #269] be **DENIED.**

The parties are advised that they have fourteen (14) days in which to filed written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in a waiver of the right to appeal questions of fact.

Dated this 18th day of November, 2013.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE